IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMMSOFT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>WHITE OAKS TECHNOLOGY INC.<br><br>    Defendant<br>_____/ | No. C-09-4562 MMC<br><br>**ORDER AFFORDING PLAINTIFF LEAVE TO FILE SURREPLY; CONTINUING HEARING ON DEFENDANT'S MOTION TO DISMISS; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court is defendant White Oaks Technology Inc.'s ("WOTI") motion, filed October 30, 2009 as amended November 3, 2009, to dismiss plaintiff BMMsoft, Inc.'s ("BMM") complaint. BMM has filed opposition, to which WOTI has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems it appropriate to afford BMM the opportunity to file a surreply to address new evidence offered in support of WOTI's reply.

    In its motion, WOTI argues it is not subject to personal jurisdiction in the Northern District of California. Where, as here, a plaintiff contends a district court may assert specific jurisdiction over the defendant, the court, to exercise jurisdiction, must find "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum,

(2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." See Bancroft & Masters, Inc. v. Augusta National Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "The plaintiff bears the burden of satisfying the first two prongs of the test." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff meets such burden, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." See id.

Here, with respect to the issue of reasonableness, WOTI's motion includes only a short argument, supported by one paragraph in a declaration submitted by Alan J. Broder ("Broder") in support of the motion. In its reply, however, WOTI, relying on a supplemental declaration submitted by Broder, significantly expands on its argument. In particular, Brody's supplemental declaration discusses, for the first time, the location of potential witnesses, their anticipated testimony (see Supp. Broder Decl. ¶¶ 2, 4, 7, 8), and the place(s) where various acts occurred (see id. ¶¶ 3, 4, 10). Because "the most efficient judicial resolution of the controversy" and "the extent of the defendants' purposeful interjection into the forum state's affairs" are among the factors a district court considers in determining whether the exercise of specific jurisdiction would be reasonable, see Menken v. Emm, 503 F.3d 1050, 1058 (9th Cir. 2007) (identifying factors), and because BMM has not had an opportunity to respond to the evidence offered with WOTI's reply and the argument made in reliance thereon, the Court finds it appropriate to afford BMM an opportunity to file a surreply.

Accordingly, the Court sets the following schedule:

1. No later than December 11, 2009, BMM shall file its surreply, if any, not to exceed five pages in length, exclusive of exhibits, and limited to the issue of whether it would be unreasonable for the Court to exercise specific jurisdiction over WOTI.

2. The hearing on WOTI's motion to dismiss is hereby CONTINUED from December 4, 2009 to January 15, 2010.

//

3. The Case Management Conference is hereby CONTINUED from January 8, 2010 to March 5, 2010.  A Joint Case Management Statement shall be filed no later than February 26, 2010.

**IT IS SO ORDERED.**

Dated:  November 24, 2009

_____
MAXINE M. CHESNEY
United States District Judge