1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BMMSOFT, INC.,

      Plaintiff,

  v.

WHITE OAKS TECHNOLOGY, INC.,

      Defendant

———————————————————————/

No. C-09-4562 MMC

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO DISMISS; DISMISSING SECOND AND THIRD CAUSES OF ACTION WITH LEAVE TO AMEND**

    Before the Court is defendant White Oaks Technology, Inc. ("WOTI")'s "Motion for Summary Judgment on the First Cause of Action and to Dismiss the Second and Third Causes of Action for Lack of Supplemental Subject Matter Jurisdiction," filed March 24, 2010.  On April 13, 2010, intervenor United States Department of the Air Force ("Air Force") filed a response, and, on April 19, 2010, plaintiff BMMSoft Inc. ("BMM") filed opposition. Thereafter, on April 23, 2010, WOTI and the Air Force filed separate replies to BMM's opposition.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

    In its complaint, BMM alleges that its "principal product" is software known as "EDMT Server" ("Software") (see Compl. ¶ 8), and that, in February 2008, BMM, through

———————————————————

[1]By order filed May 5, 2010, the Court took the matter under submission.

1   BMM's distributor Sybase, sold the Software to WOTI pursuant to a "reseller license

2   agreement" (see Compl. ¶¶ 12, 23).  BMM alleges that as part of such transaction, WOTI

3   entered into an agreement with BMM titled "End User License Agreement."  (See Compl.

4   ¶¶ 13, 21.)  Also in 2008, according to BMM, it sold to WOTI, through Sybase, a "total of

5   eight (8) production CPU core licenses and eight (8) development CPU core licenses of the

6   Software," each of which was "intended for a WOTI end-customer who was to use the

7   Software for its internal purposes."  (See Compl. ¶ 14.)[2]

8       BMM alleges that, "[c]ommencing in March 2008, WOTI engineers regularly called

9   and e-mailed BMM[ ] in San Francisco to obtain support with the installation of the

10  Software" (see Compl. ¶ 14), and that, in July 2008, BMM "delivered an update to the

11  Software called version 6.2" (see Compl. ¶ 15).  BMM further alleges that, on November

12  23, 2008, WOTI "declared that the '32-core EDMT system has gone production'," even

13  though WOTI had only obtained eight "production core licenses."  (See Compl. ¶ 17.)

14  Moreover, BMM alleges, when BMM then "sought the additional licenses, WOTI stopped

15  communicating with BMM[ ]."  (See id.)  Later, in January 2009, according to BMM, "WOTI

16  told BMM[ ] that the End User Project had been cancelled" (see Compl. ¶ 18); BMM alleges

17  that WOTI, contrary to WOTI's representations, "unlawfully copied the Software, and sold

18  such illegal copies to the End-User Project" (see Compl. ¶ 19), i.e., to WOTI's "end-

19  customer" (see Compl. ¶ 14), and, in so doing, disclosed to such end-customer BMMsoft's

20  "trade secrets" (see Compl. ¶¶ 40, 44).

21      Based on the above allegations, BMMsoft alleges WOTI violated the Copyright Act

22  by copying and selling the Software without permission, breached the provisions of the End

23  User License Agreement, and misappropriated BMMsoft's trade secrets.

24  //

25  //

26

27          [2]It appears, from the evidence submitted by WOTI in support of the instant motion,
    that WOTI purchased eight licenses in February 2008, and another eight licenses in July
28  2008.  (See Broder Decl., filed March 24, 2010, Exs. A, B.)

**DISCUSSION**

By the instant motion, WOTI argues it is entitled to summary judgment on the First Cause of Action, by which BMM alleges a claim of copyright infringement, and that the Court should decline to exercise supplemental jurisdiction over the Second and Third Causes of Action, by which BMM alleges, respectively, a claim for breach of license and a claim for misappropriation of trade secrets.

**A. First Cause of Action**

BMM's copyright infringement claim is based on the allegation that although WOTI lawfully purchased Software from WOTI, through Sybase, and lawfully obtained from BMM updates to the Software, WOTI without permission under the terms of the licenses provided by BMM, copied the Software and gave such copies to its "end-customer."  It is undisputed that the "end-customer" referenced in the complaint is the Air Force.  WOTI argues that the Air Force is the only proper defendant to BMM's claim for copyright infringement, and that such claim, pursuant to 28 U.S.C. § 1498(b), can only be brought in the Court of Federal Claims.  Consequently, WOTI argues, it is entitled to summary judgment on the First Cause of Action.

Under 28 U.S.C. § 1498(b), "whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States, by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the Government, and with the authorization or consent of the Government, the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims."  See 28 U.S.C. § 1498(b) (emphasis added).  As has been explained by the Federal Circuit, § 1498(b) waives the United States' sovereign immunity "for third-party infringements that are authorized or consented to by the government."  See Auerbach v. Sverdrup Corp., 829 F.2d 175, 179 (Fed. Cir. 1987).  Such authorization or consent can be "express" or "implicit," see id. at 180, and can be given by the United States to the contractor after the alleged act of infringement, i.e., the United States may

3

give "retroactive consent" to acts of infringement, <u>see</u> <u>id.</u> (internal quotation and citation omitted).

Here, WOTI argues that the conduct BMM alleges to be infringing was taken in WOTI's capacity as a contractor for the Air Force and occurred with the authorization and/or consent of the Air Force.  In support thereof, WOTI offers evidence, undisputed by BMM, that the Air Force and WOTI entered into a contract (<u>see</u> Campbell Decl. ¶ 4), that the contract required WOTI to purchase software for the Air Force (<u>see</u> <u>id.</u> ¶ 5), that WOTI purchased the Software at issue herein with the authorization of the Air Force (<u>see</u> <u>id.</u> ¶¶ 8, 12), and that, in a memorandum dated February 10, 2010, the Air Force's Contracting Officer advised WOTI that the Air Force was giving its "authoriz[ation] and consent, pursuant to 28 U.S.C. § 1498(b), <u>to all uses</u> by [WOTI] of identified BMM[ ] and Sybase software data including technical data, computer software, and computer software documentation in performing [WOTI's] contract [with the Air Force]."  (<u>See</u> Campbell Decl. ¶ 18, Ex. 2 (emphasis added).)

BMM argues that the above-described evidence is insufficient to establish that the Air Force authorized or consented to WOTI's alleged infringement, i.e., WOTI's alleged copying of the Software.  The Court disagrees.  As set forth above, the Air Force, on February 10, 2010, authorized and consented to "all uses" by WOTI of the Software at issue herein.  (<u>See</u> <u>id.</u>)  Said authorization was given after BMM filed the instant action alleging that one of the "uses" WOTI made of the Software was to unlawfully copy the Software and give such copy or copies to the Air Force.  The Air Force, being aware of BMM's allegations, nonetheless gave its retroactive consent to "all uses" WOTI had made of the Software.  Indeed, in the Air Force's Response to the instant motion, the Air Force states:  "Pursuant to 28 U.S.C. § 1498(b) and as it pertains to the software products referred to in [BMM's] complaint as 'the Software,' WOTI was acting for the Government and with the authorization and consent of the Government."  (<u>See</u> Air Force's Response, filed April 13, 2010, at 2:16-18.)

BMM alternatively argues that the Court should afford BMM an opportunity to

4

1   conduct further discovery before ruling on the motion for summary judgment.  Rule 56(f) of

2   the Federal Rules of Civil Procedure provides that where a party "shows by affidavit that,

3   for specified reasons, it cannot present facts essential to justify its opposition," the court

4   may "deny the motion" or "order a continuance."  See Fed. R. Civ. P. 56(f).  A party seeking

5   relief under Rule 56(f) "must identify by affidavit the specific facts that further discovery

6   would reveal, and explain why those facts would preclude summary judgment."  See Tatum

7   v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 1989).  Here, BMM's

8   request for discovery is deficient, because BMM does not support the request with any

9   affidavit, let alone an affidavit that satisfies the above-described requirements.  Nor has

10  BMM in any other manner identified specific facts that further discovery would reveal or

11  explained why such facts would demonstrate that the Air Force, notwithstanding the above-

12  quoted memorandum, as well as its response to the instant motion, has in fact not

13  authorized or consented to the alleged infringement.[3]  Consequently, BMM has failed to

14  show it is entitled to a continuance for purposes of discovery.  See id. at 1100 (affirming

15  denial of plaintiff's request for continuance under Rule 56(f) where plaintiff "did not satisfy

16  the requirements of Rule 56(f)").

17         Accordingly, WOTI has shown it is entitled to summary judgment on the First Cause

18  of Action; as the undisputed evidence demonstrates, WOTI is not a proper defendant to

19  such cause of action and such cause of action must be brought against the United States in

20  the Court of Federal Claims.

21  **B.  Second and Third Causes of Action**

22         As noted, the remaining two causes of action arise under state law, as they assert,

23  respectively, a claim for breach of license and a claim for misappropriation of trade secrets.

24         In its complaint, BMM alleges the Court has original jurisdiction over the First Cause

25  of Action and supplemental jurisdiction over the state law claims.  (See Compl. ¶ 2.)

26  _____

27         [3]In its opposition brief, BMM states that it "should be allowed [ ] to conduct discovery
    [for] the purpose of establishing facts concerning BMM's allegations of fraud."  (See Pl.'s
28  Opp. at 5:11-13.)  As WOTI correctly observes, however, the complaint does not include
    any allegations of fraud.

1    WOTI argues that if the Court grants summary judgment on the First Cause of Action, the

2    Court should decline to exercise supplemental jurisdiction over the state law claims.

3         Where, as here, a district court has granted summary judgment on the sole federal

4    claim alleged by the plaintiff, the district court may properly decline to exercise

5    supplemental jurisdiction over remaining state law claims.  See Bryant v. Adventist Health

6    System/West, 289 F.3d 1162, 1169 (9th Cir. 2002).  Here, having considered the matter,

7    the Court finds it appropriate to decline to exercise supplemental jurisdiction over the

8    Second and Third Causes of Action.

9         BMM requests leave to amend, however, for the purpose of alleging the Court has

10   diversity jurisdiction.  Although it appears that BMM and WOTI are citizens of different

11   states, it is not clear that the amount in controversy exceeds the sum of $75,000.

12   Nonetheless, the Court will afford BMM the opportunity to allege the existence of diversity

13   jurisdiction.  See Fed. R. Civ. P. 15(a) (providing "court should freely give leave when

14   justice so requires).[4]

15        Accordingly, the Second and Third Causes of Action will be dismissed without

16   prejudice and with leave to amend to allege, if BMM can do so, facts to support a finding

17   that the Court has diversity jurisdiction.

18                                   **CONCLUSION**

19        For the reasons stated above, BMM's motion is hereby GRANTED, as follows:

20        1.  To the extent the motion seeks summary judgment on the First Cause of Action,

21   the motion is hereby GRANTED.

22        2.  To the extent the motion seeks dismissal of the Second and Third Causes of

23   Action, the motion is hereby GRANTED, and the Second and Third Causes of Action are

24   _____

25        [4]In its reply, WOTI asserts that BMM, if again faced with a motion for summary
     judgment, will be unable to establish its state law claims.  In particular, WOTI asserts,
26   WOTI will be able to establish that it was not a party to a license and that any claim for
     misappropriation of trade secrets is preempted by federal law.  Although a showing by a
27   defendant of the "inevitability of a claim's defeat on summary judgment" would support a
     denial of leave to amend to allege such a claim, see Johnson v. American Airlines, Inc.,
28   834 F.2d 721, 724 (9th Cir. 1987), here, on the limited record available, the Court cannot
     find BMM's state law claims inevitably would be defeated on summary judgment.

hereby DISMISSED without prejudice, and with leave to amend to allege facts to support a finding that the Court has diversity jurisdiction over said causes of action.  Any First Amended Complaint shall be filed no later than May 28, 2010.

**IT IS SO ORDERED.**

Dated:  May 7, 2010

MAXINE M. CHESNEY
United States District Judge